**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**OUACHITA WATCH LEAGUE, et al.**                    **PLAINTIFFS**

**v.**                    **No. 4:11-cv-00425 KGB**

**JUDITH L. HENRY, et al.**                    **DEFENDANTS**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**THE OZARK SOCIETY**                    **PLAINTIFF**

**v.**                    **No. 4:11-cv-00782 KGB**

**THE UNITED STATES FOREST SERVICE, et al.**                    **DEFENDANTS**

<u>**ORDER**</u>

Pending before the Court are the Ouachita Watch League's and the Ozark Society's motions to compel supplementation of the administrative record and to extend the schedule for filing a response to defendants' motions to dismiss (Case No. 4:11-cv-425, Dkt. No. 45; Case No. 4:11-cv-782, Dkt. No. 64). The Court grants in part and denies in part these motions.

In regard to the requests to supplement the record, through its motion, the Ouachita Watch League requests categories of documents identified in their requests 1, 2, and 3:

1. Records of communications, comments, memoranda, reports or other documents between the named Defendant agencies and any other agency, person, organization, corporation or entity regarding the 2010 Report-Analysis that is the subject of this lawsuit or any matter addressed or covered by said Report-Analysis.

2. All interagency and intra-agency communications, memoranda (including electronic communications), notes, reports and other documents generated by those agencies regarding the 2010 Report-Analysis.

3. All communications, memoranda (including electronic communications), notes, reports and other documents received by the Defendants from members of the public (including organizations), or issued to members of the public, regarding the 2010 Report-Analysis.

The Court determines, in regard to these three requests, "absent clear evidence to the contrary, an agency is entitled to a strong presumption of regularity, that it properly designated the administrative record." *Pac. Shores Subdivision v. U.S. Army Corp of Eng'rs*, 448 F.Supp.2d 1, 5 (D.D.C. 2006). Here, defendants submitted a sworn affidavit that the Administrative Record lodged with the Court was properly designated. *See Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993) ("The court assumes the agency properly designated the Administrative Record absent clear evidence to the contrary."). The Court acknowledges that defendants, in the face of plaintiffs' motions, submitted two documents in addition to the Administrative Record during discovery (Dkt. No. 69, at 9 n.3). For these reasons, and for those stated in the plaintiffs' motions, the Court grants on this record the plaintiffs' motions to require defendants to supplement the record with the documents the Ouachita Watch League seeks in its requests 1, 2, and 3 to the extent these materials were compiled by defendants and were before defendants at the time the administrative decision that is the subject of this litigation was made, including all documents and materials defendants directly or indirectly considered. *See generally The Fund for Animals, et al. v. Williams*, 245 F.Supp. 2d 49 (D.D.C. 2003), order vacated on other grounds *sub nom Fund for Animals v. Hogan*, 428 F.3d 1059 (D.C. Cir. 2005).

Ouachita Watch League's requests 4 and 5 seek:

4. Any documents that relate to the manner in which categorical exclusions are implemented by the FS/BLM in the Ozark National Forest, or the use of that guidance in preparation of the 2010 Report-Analysis.

5. Information regarding individual wells that have been drilled in the Ozark National Forest pursuant or subsequent to the 2005 Revised Land and Resource Management Plan for the Ozark-St. Francis National Forest and/or the 2010 Report-Analysis.

The Court determines in regard to these two requests that defendants are not required to supplement the record with these documents. Defendants are required by this Order to lodge

with the Court the administrative record for the SIR, which does not include information relating to individual wells that have been approved since the SIR or the use of categorical exclusions. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (review is to be based on the full administrative record that was before the agency at the time it made the decision); *Utah Envtl. Cong. v. Troyer*, 479 F.3d 1269, 1282 (10th Cir. 2007) (documents that postdate the decision being challenged are not properly part of an administrative record).

Plaintiffs must challenge discrete and final agency action, rather than a class of actions. *Norton v. South Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004); *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 882 (1990); *see also Sierra Club v. Peterson*, 228 F.3d 559, 567 (5th Cir. 2000) (identifying some specific actions in the pleadings that are final agency actions is not enough). "The case-by-case approach that this requires is understandably frustrating to an organization . . . .  But this is the traditional, and remains the normal, mode of operation of the courts." *Lujan*, 497 U.S. at 894.

Through its motion, plaintiff the Ozark Society seeks to supplement the record with documents identified in requests 1 and 3, which seek:

1. All documents which comprise the administrative record for Applications for Permits to Drill approved by the Defendants since implementing the SIR.

3. All documents produced which pertain to the use of Categorical Exclusions under Section 390 of the Energy Policy Act of 2005 and the Categorical Exclusion Guidance issued by the United States Forest Service.

The Court determines in regard to these requests 1 and 3 submitted by the Ozark Society that defendants are not required to supplement the record with these documents.  Defendants are required by this Order to lodge the administrative record for the SIR, which does not include information relating to individual wells that have been approved since the SIR or the use of

categorical exclusions.  *See Citizens to Preserve Overton Park*, 401 U.S. at 420; *Utah Envtl. Cong.*, 479 F.3d at 1282.

The Ozark Society's requests 2 and 4 seek:

2. All documents produced as a result of the "cooperating agency" review process that the Defendants engaged in to analyze the 2008 Reasonably Foreseeable Development document.

4. All documents pertaining to interagency consultation for the purposes of complying with the National Environmental Policy Act.

The Court determines, in regard to these requests 2 and 4 from the Ozark Society that, "absent clear evidence to the contrary, an agency is entitled to a strong presumption of regularity, that it properly designated the administrative record." *Pac. Shores Subdivision*, 448 F.Supp.2d at 5.  Here, defendants submitted a sworn affidavit that the Administrative Record lodged with the Court was properly designated.  *See Bar MK Ranches*, 994 F.2d at 740.  The Court acknowledges that defendants, in the face of the plaintiffs' motions submitted two additional documents (Dkt. No. 69, at 9 n.3).  For these reasons, and for those stated in the plaintiffs' motions, the Court grants on this record the Ozark Society's motion to require defendants to supplement the record with the documents the Ozark Society seeks in requests 2 and 4 to the extent these materials were compiled by defendants and were before defendants at the time the decision that is the subject of this litigation was made, including all documents and materials defendants directly or indirectly considered.  *See The Fund for Animals*, 245 F.Supp. 2d at 49.

Defendants have 30 days from the date of this Order to comply with the terms of the Order and to supplement the administrative record.  Pursuant to the Court's prior Order entered on January 31, 2013, plaintiffs shall have 20 days from the deadline by which defendants are

required to supplement the administrative record to respond to defendants' motion to dismiss (Dkt. No. 68).

Further, this Court orders Ozark Society to enter its appearance in Case No. 4:11-cv-00425 and to make all future filings in this case, as it is the lead case.

SO ORDERED this the 30th day of September, 2013.

Kristine G. Baker
United States District Judge